UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY OF
THE MIDWEST,

              Plaintiff,                       Case Number 19-13694

v.                                     Honorable David M. Lawson

KATHLEEN MICHELI, PATRICE
BRANDT, JAMES ZERWECK, and
ROBERT JORDAN,

              Defendants.

_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Citizens Insurance Company ("Citizens") filed the present action in this federal court seeking a declaratory judgment that it is not obligated to pay first-party no-fault insurance benefits to defendant Kathleen Micheli or to defend or indemnify individual defendants James Zerweck or Patrice Brandt in any lawsuit that might be filed against them in a Michigan state court. According to the complaint, Micheli was a pedestrian allegedly injured by an automobile driven by Brandt. She applied for first-party no-fault insurance benefits to Citizens, who issued an automobile insurance policy to Zerwick, which covered the automobile Brandt was driving at the time of the accident. Citizens apparently denied her claim and Micheli commenced a lawsuit against it in state court. She and defendant Robert Jordan also sued Brandt and Zerweck for damages.

Sometime in 2016, Citizens issued a liability policy covering the subject vehicle to its insured, defendant Zerweck. However, it alleges that, when the policy was renewed, Zerweck failed to inform Citizens that defendant Brandt had taken possession and was the primary operator of the car, and that it was being garaged at a different location than listed on the policy application.

Citizens contends that the policy therefore is void *ab initio* and it is not obligated to pay no-fault benefits to Micheli or to defend or indemnify against any judgment that may be secured by the injured state court plaintiffs.

Because the district courts have discretion whether to exercise jurisdiction in declaratory judgment actions, a determination on whether to adjudicate such cases should be made at the outset. All the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, so the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice. Citizens responded to the show cause order, addressing the relevant factors, and contending that they favor accepting jurisdiction of the case. However, some of the coverage determinations will depend on the factual development of the state court claims. Because of the danger of inconsistent results that could arise when the related cases proceed in different forums, and because other factors favor the refusal of declaratory judgment jurisdiction, the Court will dismiss the case without prejudice.

## I.

According to the complaint, before 2017 defendant Zerweck owned a 2007 Ford Focus that was included as a covered vehicle on an auto liability policy that he procured from Citizens. However, in January 2017 he gave the car to defendant Brandt, who kept the vehicle garaged at her home in St. Clair Shores, Michigan and who then became the primary operator. When Zerweck renewed the policy in May 2017, he stated on his renewal application that the vehicle still was primarily used by him and garaged at his home. On December 10, 2018, while the policy nominally was still in force, Brandt was driving the vehicle and collided with Micheli, a pedestrian. Injuries to Micheli and Jordan resulted, prompting the state court tort suit against Brandt and Zerweck and the first-party lawsuit against Citizens. Citizens now asks the Court to declare that

it is not obligated to extend any coverage for any first-party benefits to Micheli or to indemnify or defend Zerweck or Brandt for the claims brought against them based on the failure to disclose by Zerweck, which it alleges rendered the insurance policy void from at least January 2017.

II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act is not mandatory, *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention, *see Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).

Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage impacting litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation giving rise to the indemnity problem," *Bituminous Cas. Corp.*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul*

*Fire & Marine Ins. Co.,* 791 F.2d 460, 463 (6th Cir. 1986)).   The Court has discretion to decline

jurisdiction over a declaratory judgment action even where the parties are diverse and the amount

in controversy meets the threshold.  *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446,

447 (6th Cir. 1991) ("We have repeatedly held in these insurance coverage diversity cases that the

Declaratory Judgment Act grants the district courts a discretion to entertain such cases . . . .").

      To assist district courts in determining whether to proceed with such actions, the Sixth

Circuit in *Bituminous Casualty Corporation* cataloged five factors that it drew from its earlier

precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in
> clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of
> "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between
> our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)); *Grand Trunk W. R.

Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).  Unless these factors weigh in favor

of entertaining the action, the federal court should abstain.  *Bituminous Cas. Corp.*, 373 F.3d at

813.

## A. Settle the controversy

      Sixth Circuit precedent on this factor is somewhat inconsistent.  *Compare Travelers Indem.

Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's

decision could not settle the controversy in the underlying state court litigation; thus, the first factor

favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*,

327 F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory

judgment would not end the dispute between Cailu and Stewart, it would settle the controversy

regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds."). Later, however, the Sixth Circuit reconciled those cases, reasoning that "the contrary results . . . might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). Nevertheless, it is true that this factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation and there is a legal, and not a factual, dispute in federal court. *Id.* at 556. The coverage issue in this case is relatively narrow, but it is front and center in Micheli's state court action against Citizens for first-party benefits. Citizens presumably denies that it is responsible to pay those benefits because its contract is void. A determination of the viability of its insurance contract with Zerweck is a necessary issue — perhaps the only issue — for resolution of that aspect of the state court action.    This factor strongly favors abstention.

## B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814. This factor favors abstention where, as here, although it would resolve the legal rights of the insurer and insured, it implicates directly the questions of fact and law in the underlying case.

## C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files its declaratory judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that Citizens has acted improperly by choosing the present forum, particularly where it asserts that the related cases were filed in separate forums almost simultaneously, and Citizens did not become aware of the state court case until more than two months later. But Micheli's lawsuit was filed before the present action, and, according to the complaint, she made a claim to Citizens for first-party benefits before she filed her state-court lawsuit. It certainly can be said that Citizens preferred a federal court to a state court, where this action also could have been filed, and where the underlying tort action was pending when this lawsuit was commenced. There is nothing improper about that. But this factor does not favor retaining jurisdiction, when the exact issue presented here could have been addressed directly by Citizens in the state court case.

## D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green*, 825 F.2d at 1067. Therefore, "'the propriety

of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)).

The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale*, 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561. The first and second factors heavily favor abstention. Micheli cannot prevail on her first-party action against Citizens unless she can establish that Zerweck's policy with Citizens is valid and was in effect at the time of the accident. The question of her recovery for third-party damages is less intertwined, because the circumstances of the policy renewal have little to do with the accident itself. But the first-party claim is an action in state court on a contract that Citizens seeks to declare void through this present lawsuit in federal court. Regardless of the merits of Citizens's position on the contract's validity, the possibility of inconsistent decisions is manifest. The third factor weighs slightly in favor of abstention because the interpretation of the contract will involve application of principles of state contract law, which, however, do not appear to present overly complicated issues under the circumstances presented. The fourth factor strongly favors abstention.

E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Moreover, as noted above, the question of coverage is presented directly in Micheli's lawsuit for first-party benefits. And if there is a judgment against Brandt or Zerweck on the third-party claim, liability under the policy could be determined in the pending state court lawsuit by means of a garnishment action after a judgment in favor of the damaged claimants. *See, e.g.*, *Helder v. Sruba*, 462 Mich. 92, 611 N.W.2d 309 (2000). In such an action, Citizens could raise all the defenses to coverage it might raise here. *Id.* at 101-02, 611 N.W.2d at 315. This factor therefore favors abstention.

III.

The Court believes that the *Grand Trunk* factors strongly favor abstention in this case, because none of those factors favors retaining jurisdiction, including the availability of an alternative remedy, which weighs noticeably in favor of abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is not convinced that all of the discretionary factors weigh in favor of exercising jurisdiction over the controversy presented, and the Court therefore will dismiss the complaint without prejudice.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 1, 2020